## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

**NOLA S. DAVIS, and her husband,**
**RODNEY DAVIS**

       **Plaintiffs,**

**v.**                                           **CIVIL ACTION NO.**   5:22-cv-00212
                                                 **JUDGE:**

**UNITED STATES OF AMERICA,**

       **Defendant.**


## COMPLAINT

Come now the plaintiffs, Nola S. Davis and Rodney Davis, and for their cause of action against the Defendant, state as follows:

1.      Plaintiffs Nola S. Davis and Rodney Davis are residents of Fayette County, West Virginia. All treatment Nola Davis received from Defendant, by and through its agents and employees, which gives rise to this lawsuit, occurred in Raleigh County, West Virginia, while she was a patient of Juddson Dale Lindley, M.D., at Access Health and Raleigh General Hospital, LLC.

2.      The Defendant the United States of America, through the U. S. Department of Health and Human Services, at all times alleged herein is the federal governing body responsible for controlling, supervising, and managing the business affairs of its public health care provider, Juddson Dale Lindley, M.D. Included within the duties and responsibilities of the U. S. Department of Health and Human Services is the oversight and supervision of its employee/agent physicians, including Dr. Lindley. Moreover, Juddson Dale Lindley, M.D., was an employee of the Defendant the United States of America (sometimes referred to as "USA"), through the U. S. Department of

Health and Human Services, acting within the course and scope of his employment with the USA at times alleged here. As such, Defendant USA is responsible for any negligent acts or omissions of its employee, Juddson Dale Lindley, M.D., alleged herein.

3.      The Federal Tort Claims Act, 28 U.S.C.S. §1346(b) and §§2671-2680 provides an action for medical malpractice against Public Health Service employees may be filed against the United States of America once all administrative remedies have been exhausted. The Plaintiffs have exhausted all administrative remedies.

4.      Defendant was responsible for providing safe medical treatment to Nola Davis in compliance with the standard of care.

5.      Defendant and its employee failed to follow the basic patient safety standards of care in the treatment provided to Nola Davis.

6.      Defendant and its employee knew failing to follow basic patient safety standards of care could cause Nola Davis's foreseeable permanent and disabling injuries.

7.      Nola Davis was referred to Dr. Juddson Lindley for D&C, hysteroscopy, and possible endometrial ablation for breakthrough uterine bleeding. Mrs. Davis had a known fibroid uterus diagnosed in 2011, which had remained substantially stable and essentially unchanged from 2011 until the time of referral.

8.      Dr. Juddson first performed an endometrial biopsy, and the results were normal, but the testing was limited because of Dr. Juddson's poor sampling.

9.      Instead of performing the procedures Mrs. Davis was referred for, Dr. Lindley recommended a Da Vinci hysterectomy and bilateral salpingo-oophorectomy.

10.     The surgery was scheduled as an elective procedure. It was not urgent or

2

emergent that Mrs. Davis have the surgery.

11.     Mrs. Davis's preoperative testing results contained an elevated test level. Dr. Lindley did not optimize Mrs. Davis's health and preparation for surgery. A reasonable gynecological surgeon practicing within the safe standards of medical care would have canceled surgery to optimize Mrs. Davis's health and would not have performed the elective robotic surgery Dr. Lindley performed on March 9, 2020.

12.     Dr. Lindley proceeded with surgery on March 9, 2020. During surgery, Dr. Lindley transected Nola Davis's sigmoid colon.

13.     Dr. Lindley failed to identify the transected colon, failed to consult a surgeon about repairing the transected sigmoid colon, and discharged Nola Davis from the hospital with a life-threatening injury he caused.

14.     On March 12, 2020, Nola Davis was readmitted to the hospital. Dr. Lindley was consulted during that admission and still failed to identify, diagnose or treat the transected sigmoid colon. Nola Davis ultimately suffered an acute abdomen, required multiple surgeries, became so infected she suffered sepsis, purulent peritonitis, renal failure, acute hypoxic respiratory failure, hypotension, decreased urination, required intubation, and was diagnosed with a left ischemic colon. Her surgeries included repairing the transected sigmoid colon, creating an ostomy, the drainage of intra-abdominal abscess, segmental left colectomy with end colostomy, placement of a drain, and wound VAC. Approximately 23.5 cm of her colon required removal. She required prolonged hospitalization, then received care at a rehabilitation facility, then home health care, and lived with the wound VAC for months. Her abdominal wound took more than a year to close fully. She still has her ostomy, which requires significant maintenance, and she suffers from a significant

abdominal ventral hernia. Surgery to improve these issues, including colostomy reversal, complex abdominal wound reconstruction, and panniculectomy, present significant health risks and surgical failure risks due to her prior care. Whether Mrs. Davis opts for risky future surgeries or has a permanent ostomy and hernia, Mrs. Davis's injuries are permanent.

15.    Surgical standards of care required Dr. Lindley to utilize surgery techniques and undertake safety precautions to ensure Nola Davis's sigmoid colon was not transected during surgery.

16.    Surgical standards of care required Dr. Lindley to examine Nola Davis's sigmoid colon to make sure it was safe to end surgery.

17.    A standard of care examination of Nola Davis's sigmoid colon before surgery was ended would have revealed the sigmoid colon transection.

18.    If Dr. Lindley had ensured proper preoperative preparation and identified the transected sigmoid colon before surgery was ended, a surgeon could have immediately repaired the colon to prevent bowel necrosis, loss of bowel, peritonitis, sepsis, respiratory failure, acute kidney injury, colostomy and the prolonged hospitalizations and permanent injuries Mrs. Davis has suffered.

19.    All of the complications and permanent and disabling injuries suffered by Nola Davis were foreseeable by Dr. Lindley as a result of his failure to follow basic patient safety standards of care and were thus preventable.

20.    Dr. Lindley knew the standard of care required him to fully, honestly, and adequately discuss and formulate a plan of care with Nola Davis and obtain her informed consent to the plan and to surgery.

21.     Dr. Lindley knew failing to follow basic patient standards of care in obtaining informed consent from Nola Davis violated her patient rights.

22.     Dr. Lindley failed to engage Nola Davis in full, honest, and adequate discussions to formulate a plan of care and obtain her informed consent to surgery and the plan of care.

23.     As a result of Defendant's failure to follow the standard of care in obtaining informed consent from Nola Davis, her patient rights were violated, and no effective informed consent to surgery or a safe plan of care was properly obtained.

24.     The United States of America is responsible and liable for Dr. Lindley's negligent acts and omissions committed while treating Nola Davis.

25.     Defendant deviated from the appropriate standards of care by performing surgery on March 9, 2020, instead of delaying surgery to optimize Nola Davis's health and preoperative preparation, transecting Nola Davis's sigmoid colon, failing to implement precautions and safe surgical techniques to prevent transection of the sigmoid colon, failing to inspect the bowel and identify the transection before surgery closure, failing to diagnose and obtain timely repair of the transection, and failing to obtain informed consent regarding surgery and the plan of care; among other deviations from the appropriate standards of care.

26.      As a direct and proximate result of Defendant's negligence and deviations from the appropriate standards of care as set forth above, Nola Davis suffered permanent and substantial physical deformity, loss of a bodily organ system, prolonged hospitalization, recuperation, and wound healing, existing colostomy, need for future surgeries, past and future medical treatment and life care needs, and disabling injuries preventing viable sustained

employment; she requires ongoing medical care and will require future medical care; she has incurred medical bills in the past and will require treatment and incur bills in the future; she has suffered permanent and substantial physical deformity, both inside and out; she has suffered lost wages in the past and will suffer a loss of earnings in the future; she asserts a claim for the value of her lost household services in the past and into the future; she has suffered pain in the past, continues to suffer pain, and impairment due to her permanent injuries. Nola Davis has suffered mental anguish and embarrassment from her injuries, scarring, and open wounds in the past. That mental anguish and embarrassment is ongoing and will continue in the future. Accordingly, Plaintiff seeks all damages allowed by West Virginia law and the Federal Tort Claims Act.

27.     Alternatively, Defendant's failure to follow the accepted standards of care increased the risk of harm to Nola Davis, which was a substantial factor in bringing about her injuries. If Defendant had followed the accepted standards of care, such compliance with the accepted standards of care would have resulted in a greater than twenty-five percent chance that Nola Davis would have had an improved recovery.

28.     As a direct and proximate result of the negligence, and deviations from the appropriate standards of care set forth above, Rodney Davis has been deprived of the society, companionship, and consortium of his wife, Nola Davis. Rodney Davis has also provided substantial caretaking for Nola Davis because of the permanent injuries and disability Defendant caused his wife to suffer. Accordingly, Plaintiff Rodney Davis seeks all damages allowed by West Virginia law and the Federal Tort Claims Act.

**WHEREFORE,** Nola S. Davis and Rodney Davis demand judgment from the Defendant in such sums as will adequately compensate them for the damages and losses caused

by Defendant, by and through its employee, Dr. Juddson Lindley, which said sums are well in

excess of the amounts necessary to confer jurisdiction on this Court, and for such other relief as

may be proper under the law.

> **NOLA S. DAVIS, and her husband**
> **RODNEY DAVIS,**
>
> **By Counsel**

 _/s/ Cheryl A. Fisher_
Tony L. O'Dell (WV Bar #5770)
Cheryl A. Fisher (WV Bar #6379)
TIANO O'DELL, PLLC
Post Office Box 11830
118 Capitol Street
Charleston, WV 25339
(304) 720-6700
*Counsel for plaintiffs*